HODGE      of the said Joseph E. Whitall and Ashbel G. Jaudon,
vs.        residing in the city of Philadelphia, of the one part; and
WHITALL.   the creditors *of said firm, of the other.*" It is clear that the
parties of the second part acted in this concordat in no other
capacity than as creditors of *the firm;* and that the debts
which were the objects of the concordat, were those of the
firm only.    The judge *a quo,* therefore, correctly concluded
that the defendant, being the plaintiff's debtor, as maker of
the note in his individual name, and also as a member of
the firm, who were the endorsers, the arrangement made
between the creditors of the *firm* and their debtors, could
not be opposed to the claim of an individual creditor of the
defendant.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.

---

### HODGE *vs.* WHITALL.

#### ON A REHEARING.

The court cannot inquire into the terms and conditions on which property
mortgaged by special privilege, should be sold, which has been given up
to the creditors by a concordat.

If the property mortgaged and ordered to be sold to satisfy the judgment
is not sufficient, the defendant not being released by the concordat, will be
personally bound to pay the balance due on the judgment, if there be any.

*Strawbridge,* for the defendant, applied for and obtained a
rehearing in this case.    He insisted that the judgment was
erroneous in construing the *concordat* as only extending to the
parties in their partnership capacity, and in relation to part-
nership claims.    If the enunciative terms only are to be
attended to, and allowed to control, the interpretation given
by the court would probably be correct; but the rule of inter-

pretation is, that "where a clause is clear and explicit, and leads to no absurd consequences," we are not to control them by other clauses. *Louisiana Code*, 1940, 1943.

2. The clause of *release* of the defendant individually, and from all claims and demands whatsoever, is clear and not the least doubtful in its terms. Upon an examination of the whole act, there is abundant proof that the parties to the *concordat* did contract with each other individually. Independent of the strong terms expressed to that effect in the clause of *release*, two other circumstances show it : Whitall transfers his private property ; and is this done in his individual or his partnership character ? could the other partner have transferred it, had he been the acting and liquidating partner as Whitall was ? Surely not. The very lot of ground for which these notes were given, he gave up and put in his schedule. The other partner, or the partnership, could have no control of this property. The title was in his name.

3. According to another clause in the *concordat*, "regard is to be had to priority of privileges and mortgages, where they exist." How could Hodge claim a mortgage, except as the creditor of Whitall, individually. He had no mortgage or privilege as against the *firm*.

4. Of the intention of Whitall, it seems to me impossible to doubt. That he intended to deliver the whole of his private property to pay an endorsement of his firm, whilst he left himself exposed personally, as drawer of the same note, which he might be sued for the next day ; when he had given to his creditor all his means of paying, thus effecting nothing but a release of his co-partner, is an act so completely opposed to those great principles of action, self-love and self-interest, as to be incredible. It is a construction leaning much more to the "absurd consequences" of article 1940, than that which is contended for.

5 Lastly, did Mr. Hodge ever look at these words : I give " (as well to the said Joseph E. Whitall) as to the members of the said firm *individually* and *jointly*, an acquittance of *all claims, debts, and demands whatever* ;" if he did, he must have seen they were large enough to include Whitall's

EASTERN DIST.
June, 1840.

HODGE
vs.
WHITALL.

individual debts, according to the plainest meaning of its terms. But *nemo presumitur donare,* we are told. In answer, we ask no presumption ; we stand on the plain sense, the letter of the contract. It is the plaintiff who is fishing for presumptions to limit and restrict his agreement, and if they were doubtful, our code enacts that in such case it is to be interpreted against him who obligates himself. *Louisiana Code,* 1952. The plaintiff is here obligating himself to release Mr. Whitall. " The seller is bound to explain himself clearly respecting his obligations ; any obscure or ambiguous clause is construed against him. *Louisiana Code,* 2449.

*Simon, J.,* delivered the opinion of the court.

In this case, a rehearing having been granted, we have again considered, with the utmost attention, the grounds on which the defendant relies to maintain his defence, and we have been unable to discover any reason why the former decision of this court should be disturbed.

We cannot inquire into the question relative to the terms under which the property, mortgaged by special privilege in favor of the plaintiff, should be sold ; nor can we indicate in what manner the sale thereof should be executed, in satisfaction of the judgment appealed from ; because, the creditors are not before us, and it would be improper on our part to give any opinion on the legal effect and consequences of the acts, in which the plaintiff appears to have consented to abide by the terms to be fixed afterwards by a meeting of the creditors. Whether the plaintiff has waived his right to force the sale of the property for cash or not, is a question in which all the creditors are necessarily interested. It suffices for us, to say that the judgment, which we have affirmed, ordering that it shall be paid by privilege on the proceeds of the sale of the property, under whatever terms, and in whatever manner the property be sold, the defendant, not having been released as by him contended, will be personally bound to pay the balance due on the judgment, if any there be, after the amount of said proceeds shall have been ascertained and duly imputed. This is all that could

The court cannot inquire into to the terms and conditions on which property, mortgaged by special privilege, should be sold, which has been given up to the creditors by a concordat.
If the property mortgaged and ordered to be sold to satisfy the judgment, the defendant not being released by the concordat, will be personally bound to pay the balance due on the judgment, if there be any.

be decided upon between the parties to this suit, and the judgment appealed from could not provide any further.

EASTERN DIST.
June, 1840.

It is, therefore, ordered, that the judgment of this court remain undisturbed.